James F. Lewin (SBN 140268)
Renee M. Parker (SBN 256851)
THE MORTGAGE LAW FIRM, PLC
27455 Tierra Alta Way, Suite B
Temecula, California 92590
Telephone: (619) 465-8200
Facsimile: (951) 225-4073
Renee.Parker@mtglawfirm.com
TMLF File No. 155138

Attorneys for Secured Creditor, REAL TIME RESOLUTIONS, INC. as agent for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORS, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2007-C

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>MITESH KUMAR PATEL,<br>KINNAL MITESH PATEL,<br><br>Debtors. | Case No. 19-42399<br><br>Chapter: 13<br><br>**OPPOSITION TO DEBTOR'S MOTION TO VALUE LIEN AND COLLATERAL and REQUEST FOR HEARING**<br><br>[NO HEARING SET] |

Secured Creditor, REAL TIME RESOLUTIONS, INC. as agent for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORS, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2007-C ("Creditor") hereby opposes the MOTION TO VALUE LIEN AND COLLATERAL filed

1

OBJECTION TO MOTION TO VALUE LIEN

on September 18, 2020 as Docket No. 79 ("Motion") filed by Debtors MITESH KUMAR PATEL and KINNAL MITESH PATEL ("Debtors" collectively). In support of its opposition, Creditor alleges as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

1. On October 23, 2019, Debtors filed the instant voluntary petition under Chapter 11 of the Bankruptcy Code as Case No. 19-42399. The instant bankruptcy is the fourth case to be filed by the Debtors in the 2019 calendar year.

2. Creditor is the current holder of a Home Equity Line of Credit Agreement and Promissory Note dated January 18, 2007, executed by Debtor Mitesh Patel ("Patel" individually), with a line of credit amount of $197,700.00, and made payable to America's Wholesale Lender ("Note"). *See*, Claim No. 17-1 on the Claims Register herein (the "RTR POC").

3. The Note is secured by a deed of trust (the "Deed of Trust"), executed by Patel, encumbering the real property located at and commonly known as 40835 LINCOLN STREET, FREMONT, CA 94538 ("Property"). The Deed of Trust was recorded in the Office of the Alameda County Auditor on February 6, 2007 as Instrument No. 2007061907 (RTR POC).

4. On the date of filing, the obligation under the Note was contractually in default; the total claim amount was $284,396.10, and the pre-petition arrears were $120,969.47 (RTR POC).

5. The sole lienholder senior to Creditor, NewRez LLC dba Shellpoint Mortgage Servicing ("Senior Lienholder") filed a proof of claim as Claim No. 16-1 on the Claims Register herein (the "Senior POC"), showing a total claim of $1,811,914.19.

6. On September 18, 2020 Debtors filed a Motion to Value Lien and Collateral as Docket No. 79 ("Motion"). The Motion states Patel, as a layperson possessing his own knowledge, that the Property had a value of $627,000.00 after he "relied on the valuations of Property Radar, attached hereto as Exhibit A-C to reach my conclusion." *See*, Declaration of Miteh Patel in Support of Motion to Value Lien and Collateral filed at Docket No. 79-1 ("Declaration").

## II. ARGUMENT

### A. Creditor's Deed Is Not Wholly Unsecured And Cannot Be Avoided

Debtors go to great pains to say they, as laypersons, can value the Property based on their own biased opinion. In fact, they cite case law that says a debtor can use personal knowledge to value projected profits for a business (Dkt. 79, Pg. 3:19-22) and the value of coins (*Id*. at Pg. 3-4), plus Fifth Circuit case law (*Id*. at Pg. 3) and a reference guide (*Id*.) to then state that the Debtors can use personal knowledge to review a website, analyze it, extrapolate all data, and derive a value.

While a debtor may offer evidence as to an asset's value, the Debtors herein are not real property appraisers/brokers with the required expertise to value the Property (s*ee e.g.*, Federal Rules of Evidence, *Rule 701* and *Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1173 (9th Cir. 2004). In fact, Federal Rule of Evidence, Rule 702 and case law both prohibit debtors from testifying as to the value of a Property as if they were experts in the appraisal field without substantiating their expert qualifications (*See*, Federal Rule of Evidence, *Rule 702* and *In re Meeks*, 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006) (holding that a debtor may not testify as to the valuation of a property without substantiating their qualifications as an expert in that field).

Here, Debtor Patel is employed as a "security professional" (Dkt. 24). Despite the lack of a real estate background, Patel uses his expertise to interpret multiple values provided by a website in order to derive his "personal knowledge" valuation of $627,000.00 (Declaration).[1]

Debtors further state that only a "replacement value" need be used to determine value (Dkt. 79, Pg. 2). Under 11 U.S.C. § 506(a) the valuation is inadmissible to the extent it does not reflect a market value:

> In assessing the value of a home under 11 U.S.C. § 522(a)(2), " 'value' means fair market value as of the date of the filing of the petition." *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994). … This Court … concludes that "value" under 11 U.S.C. § 522(a)(2) means the price a willing seller and a willing buyer under no compulsion would agree upon after a reasonable period

---

[1] Patel's valuation is seriously deficient considering the County of Alameda provided a property value of $1,614,536.00 in 2019 for the 2020-2021 tax year, which appears to be uncontested. It is incomprehensible how Patel can use his "personal knowledge" - based on analysis and interpretation of data from a website - to say the Property is worth $1,000,000.00 less than a county evaluation.

of exposure to the market, where the buyer is knowledgeable of all uses and purposes for which the property is adopted and for which it was or is capable of such use.

*In re Todd*, 194 B.R. 893, 896 (Bankr. D. Mont. 1996) (specifically stating use of liquidation analysis is not a proper valuation for a property when avoiding liens). See also, *In re Lam*, 211 B.R. 36, 38 (B.A.P. 9th Cir. 1997) ("Based on the current <u>fair market value</u> of the Debtors' real property, the fourth deed of trust held by Thrift is wholly unsecured.")(emphasis added).

Creditor obtained a Broker's Price Opinion ("BPO") showing an "as-is" current fair market value of $1,950,000.00, which exceeds the Senior Lienholder's total claim when compared to similarly situated properties near the Property. However, due to the limited credibility of a BPO, and the inadmissibility of this unauthenticated BPO, Creditor is in the process of obtaining a blind interior appraisal in order to obtain the most professional valuation.

### B. <u>Creditor Should Be Afforded the Opportunity to Obtain a Verified Interior and Exterior Appraisal of the Property</u>

Creditor is informed and believes that the $627,000.00 value set forth in the Motion is not an accurate statement of the <u>current</u> market value of the Property as required under case law and Chapter 11 of the Code. Creditor respectfully requests that any hearing date set by the Court provides Creditor with enough time to obtain a verified interior and exterior appraisal of the Property to determine its current market value. Creditor further requests that Debtors cooperate in permitting Creditor to obtain an appraisal as it will require access to the Property.

### III. CONCLUSION

Based on the foregoing, Respondent respectfully requests that the Court deny Debtors' Motion in its entirety, or in the alternative, set a hearing on Debtor's Motion with enough time to allow both parties time to conduct an appraisal of the Property to resolve their dispute.

DATED: October 6, 2020

Respectfully submitted,
THE MORTGAGE LAW FIRM, PLC

BY:   /s/ Renee M. Parker
    Renee M. Parker, Esq.,
    Attorneys for REAL TIME RESOLUTIONS, INC.